**FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **MUHAMMAD SHABAZZ FARRAKHAN, aka Ernest S. Walker; AL-KAREEM SHADEED; MARCUS X. PRICE; RAMON BARRIENTES; TIMOTHY SCHAAF; CLIFTON BRICENO**, | No. 06-35669 |
| | D.C. No. CV-96-00076-RHW |
| Plaintiffs - Appellants, | |
| v. | **OPINION** |
| **CHRISTINE O. GREGOIRE; SAM REED; HAROLD W. CLARKE; STATE OF WASHINGTON**, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted September 21, 2010
San Francisco, California

Filed

Before:   **KOZINSKI**, Chief Judge, **SCHROEDER**, **O'SCANNLAIN**,
**RYMER**, **KLEINFELD**, **THOMAS**, **GRABER**, **McKEOWN**,
**WARDLAW**, **GOULD** and **CLIFTON**, Circuit Judges.

**PER CURIAM**:

Washington's constitution denies the right to vote to "[a]ll persons convicted of infamous crime unless restored to their civil rights."  Wash. Const. art. VI, § 3.  An "infamous crime" is one that's "punishable by death . . . or imprisonment in a state correctional facility."  Wash. Rev. Code § 29A.04.079.  Washington has disenfranchised felons since 1866, four years before the Fifteenth Amendment was ratified.  Territorial Law of 1866, Rem. & Bal. Code § 4755.

Plaintiffs claim that the state's felon disenfranchisement law violates section 2 of the Voting Rights Act ("VRA") because the law "results in a denial or abridgement of the right . . . to vote on account of race."  42 U.S.C. § 1973(a).  Plaintiffs don't claim that the law was enacted for the purpose of denying minorities the right to vote.  See Hunter v. Underwood, 471 U.S. 222, 233 (1985).  Nor do they present evidence that their convictions and resulting disenfranchisement resulted from intentional racial discrimination in the operation of the state's criminal justice system.  See McCleskey v. Kemp, 481 U.S. 279, 297–98 (1987).  Instead, they present statistical evidence that there are racial disparities in Washington's criminal justice system.

When this case was last before our court, we held that felon disenfranchisement laws can be challenged under section 2 by introducing such

evidence. Farrakhan v. Washington, 338 F.3d 1009, 1016, 1020 (9th Cir. 2003) ("Farrakhan I"). Based on the statistical evidence presented by plaintiffs, the district court on remand found that "there is discrimination in Washington's criminal justice system on account of race." But the court reasoned that this was only one relevant factor in section 2's "totality of circumstances" balancing test. See 42 U.S.C. § 1973(b); S. Rep. No. 97-417, at 28–29 (1982), reprinted in 1982 U.S.C.C.A.N. 177, 206–07; see also Thornburg v. Gingles, 478 U.S. 30, 46 (1986). It concluded that other factors counterbalanced plaintiffs' evidence of racial disparities, and therefore granted summary judgment to defendants.

Three circuits—two sitting en banc—have disagreed with Farrakhan I and concluded that felon disenfranchisement laws are categorically exempt from challenges brought under section 2 of the VRA. See Johnson v. Governor of Fla., 405 F.3d 1214, 1234 (11th Cir. 2005) (en banc); Hayden v. Pataki, 449 F.3d 305, 323 (2d Cir. 2006) (en banc); Simmons v. Galvin, 575 F.3d 24, 41 (1st Cir. 2009), petition for cert. filed, 78 U.S.L.W. 3461 (U.S. Feb. 1, 2010) (No. 09-920). In light of those opinions, we conclude that the rule announced in Farrakhan I sweeps too broadly. Felon disenfranchisement laws have a long history in the United States. See Green v. Bd. of Elections of N.Y.C., 380 F.2d 445, 450 & n.4 (2d Cir. 1967). These laws predate the Jim Crow era and, with a few notable exceptions,

see, e.g., Hunter, 471 U.S. at 229 (concluding that an Alabama constitutional provision "was enacted with the intent of disenfranchising blacks"), have not been adopted based on racial considerations. Many such laws were in effect when the Fourteenth and Fifteenth Amendments were ratified, see Hayden, 449 F.3d at 317 n.12 (listing twenty-nine state constitutional provisions); indeed, felon disenfranchisement has an affirmative sanction in the Fourteenth Amendment, Richardson v. Ramirez, 418 U.S. 24, 54 (1974). Congress was no doubt aware of these laws when it enacted the VRA in 1965 and amended it in 1982, yet gave no indication that felon disenfranchisement was in any way suspect. Today, an overwhelming number of states—including all states in our circuit—disenfranchise felons. See The Sentencing Project, Felony Disenfranchisement Laws in the United States 3 (Mar. 2010), available at http://sentencingproject.org/doc/publications/fd_bs_fdlawsinusMarch2010.pdf.

There is an additional reason to be skeptical that felon disenfranchisement laws can be challenged under section 2 of the VRA. By definition, felon disenfranchisement takes effect only after an individual has been found guilty of a crime. This determination is made by the criminal justice system, which has its own unique safeguards and remedies against arbitrary, invidious or mistaken

conviction.  See, e.g., 28 U.S.C. § 2254; Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

In light of these considerations, we hold that plaintiffs bringing a section 2 VRA challenge to a felon disenfranchisement law based on the operation of a state's criminal justice system must at least show that the criminal justice system is infected by intentional discrimination or that the felon disenfranchisement law was enacted with such intent.  Our ruling is limited to this narrow issue, and we express no view as to any of the other issues raised by the parties and amici.  We also leave for another day the question of whether a plaintiff who has made the required showing would necessarily establish that a felon disenfranchisement law violates section 2.

Because plaintiffs presented no evidence of intentional discrimination in the operation of Washington's criminal justice system and argue no other theory under which a section 2 challenge might be sustained, we conclude that they didn't meet their burden of showing a violation of the VRA.  Accordingly, the district court didn't err when it granted summary judgment against them.

**AFFIRMED.**

**Counsel**

Ryan P. Haygood (argued), John Payton, Theodore Shaw, Norman J. Chachkin, Debo P. Adegbile, Kristen Clarke and Dale E. Ho, NAACP Legal Defense & Educational Fund, Inc., New York, New York, Danielle C. Gray, New York, New York, and Lawrence A. Weiser, University Legal Assistance at Gonzaga Law School, Spokane, Washington, for plaintiffs-appellants.

Robert M. McKenna (argued), Attorney General, Daniel J. Judge, Senior Counsel, and Jeffrey T. Even, Carol Murphy and William B. Collins, Deputy Solicitors General, Olympia, Washington, for defendants-appellees.

Derek S. Tarson and Marianne Koh, Of Counsel, Debevoise & Plimpton LLP, New York, New York, for amici curiae Twenty-Three Leading Criminologists.

Sharon L. Browne and Ralph W. Kasarda, Pacific Legal Foundation, Sacramento, California, for amici curiae Pacific Legal Foundation and Center for Equal Opportunity.

Thomas C. Goldstein, Akin Gump Strauss Hauer & Feld LLP, Washington, D.C., and Pamela S. Karlan and Jeffrey L. Fisher, Stanford Law School Supreme Court Litigation Clinic, Stanford, California, for amici curiae Thirteen Law Professors.

Daniel F. Kolb and Edmund Polubinski III, Davis Polk & Wardwell LLP, New York, New York, for amicus curiae Brennan Center for Justice at New York University School of Law.

Juan Cartagena, Community Service Society, New York, New York, for amicus curiae Community Service Society.

Elizabeth B. Wydra, Douglas T. Kendall and David H. Gans, Constitutional Accountability Center, Washington, D.C., for amicus curiae Constitutional Accountability Center.

Whitty Somvichian, Kyle C. Wong, Kelly Cooke and Tyler Onitsuka, Cooley LLP, San Francisco, California, for amici curiae Lawyers' Committee for Civil Rights,

Equal Justice Society, Legal Services for Prisoners with Children and American Parole and Probation Association.

Sarah A. Dunne and Nancy Talner, American Civil Liberties Union of Washington Foundation, Seattle, Washington, Peter A. Danelo, Seattle, Washington, Leonard J. Feldman, P.K. Runkles-Pearson and Daniel A. Swedlow, Stoel Rives LLP, Seattle, Washington, and Laughlin McDonald and Nancy G. Abudu, ACLU Voting Rights Project, Atlanta, Georgia, for amici curiae American Civil Liberties Union of Washington and American Civil Liberties Union.

Lawrence S. Lustberg and Jennifer B. Condon, Gibbons P.C., Newark, New Jersey, for amici curiae National Black Police Association, National Latino Officers Association, American Probation and Parole Association and Six Former Law Enforcement Officials.